```
                  UNITED STATES DISTRICT COURT
                  MIDDLE DISTRICT OF TENNESSEE
                       NASHVILLE DIVISION
```

ROBERT GWEN HARDEN, and         )
wife, JESSICA BROWN HARDEN,     )
                                )
        Plaintiffs              )
                                )      No. 2:11-0050
v.                              )      Judge Sharp/Brown
                                )      **Jury Demand**
RONALD LEE YOUNG, JR. and       )
INTERSTATE DISTRIBUTOR COMPANY, )
a foreign corporation,          )
                                )
        Defendants              )

## INITIAL CASE MANAGEMENT ORDER

Pursuant to Local Rule 16.01(d)(2), the following Initial Case Management Plan is adopted.

**1. Jurisdiction:** This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 by virtue of diversity of citizenship and an amount in controversy in excess of $75,000. There is no dispute as to jurisdiction in this matter.

**2. Plaintiff's Theory:** On May 14, 2010, Robert Harden was driving a 2005 Chevrolet pickup truck traveling southbound on Highway 109, a two-lane paved highway. He was approaching Cherokee Dock Road in Wilson County, Tennessee. The automobile in front of him was stopping, preparing to make a left turn. Her blinkers were on. Mr. Harden slowed down and was at or near a full stop. His brakes were working, and his brake lights were working.

Defendant Young was traveling behind Mr. Harden. He was driving a 19-wheel tractor-trailer. He was not paying attention to the road or the vehicles in front of him. He reached for a drink, and as he came back to an upright position saw that he was about to

hit the Harden vehicle. He hit it hard enough to total the vehicle. The bed of Harden's pickup was accordioned. The rear window was broken, apparently by Mr. Harden's head striking it. Mr. Harden has sustained significant closed head injuries.

3. **Defendant's theory:** Defendants submit that on May 14, 2010, a tractor-trailer operated by Defendant Young on behalf of Defendant Interstate Distributor Company made contact with the rear of Plaintiff Robert Harden's vehicle while traveling southbound on Highway 109 at Cherokee Dock Road in Wilson County, Tennessee. There was limited property damage and there were no apparent injuries at the scene of the accident.

4. **Identification of the issues:** No issues have been resolved. The issues of liability and damages remain unresolved.

5. **Need for other claims or special issues under Rules 13-15, 17-21, and Rule 23 of the Federal rules of Civil Procedure:** None.

6. **Witnesses, if known, subject to supplementation for each party:**

   **Plaintiff' witnesses:** Robert Gwen Harden; Jessica Brown Harden; Ronald Lee Young, Jr.; Leonora Hardaway; Douglas Hardaway; Trooper William Bennett; Dr. Aaron Esbenshade; Dr. Roxanne Valentino; Dr. Todd Heffern; Dr. Marina Lu; Dr. Scott Dube; Dr. Michael Beckham; Dr. Scott Gray; Dr. Gregory Lassiter; Dr. Scott D. Gray; Dr. William J. Klein; Radiology Alliance, PC-Dr. Gregory; Dr. Michael G. Tramontana; Dr. Robert LaBadie; Susan Amberg, Audiologist.

**Defendants' witnesses:** Ronald Young; Trooper William Bennett; Leonora Hardaway; Douglas Hardaway.

7. **Initial Disclosures and Stage of Discovery:** The parties do not wish to waive Fed. R. Civ. P. 26(a). The parties shall make their Rule 26 initial disclosures within **30 days** from the date of the initial case management conference.

All discovery shall be completed by **March 9, 2012.**

Plaintiffs shall disclose their Rule 26 expert information by **January 10, 2012**. Defendants shall disclose their Rule 26 expert information by **February 10, 2012**. The deadline for expert witness depositions is **March 9, 2012**.

No motions concerning discovery are to be filed until after the parties have conferred in good faith and, if unable to resolve their difference, have scheduled and participated in a conference call with Magistrate Judge Brown. The counsel requesting the conference shall check with opposing counsel as to their availability before setting a time certain with the Court.

8. **Dispositive Motions:** All dispositive motions shall be filed by **April 9, 2012**, and any response thereto shall be filed by **May 7, 2012**. Any reply shall be filed by **May 21, 2012**. If dispositive motions are filed early, the response and reply dates are moved up accordingly. The motion and response memoranda are limited to **25 pages** and the reply, if any, is limited to **five pages** absent Court permission for longer pleadings.

9. **Other deadlines: The deadline for joining parties and amending pleadings is** September 9, 2011.

3

**10. Subsequent case management conferences:** A case management telephone conference is set for **January 12, 2012, at 9:30 a.m. To participate in the conference call, parties shall call 615-695-2851 at the scheduled time.**

**11. Alternative dispute resolution.** The parties believe that alternative dispute resolution is appropriate in this case. Within **30 days** after the close of discovery the parties will hold a mediation or settlement conference.

**12. Consent to trial before the Magistrate Judge.** The parties do not consent to trial before the Magistrate Judge.

**13. TRIAL DATE:** The parties advised that although the Plaintiffs live in Carthage, which would make this normally a Cookeville case, the accident itself occurred in Wilson County, which is in the Nashville division. The medical doctors needed would be from Nashville, therefore the parties request that this case be tried in Nashville. After consulting with Judge Sharp's courtroom deputy, this matter is set for trial on **October 2, 2012, at 9:00 a.m., in Nashville, Tennessee.** Judge Sharp will conduct the final pretrial conference in Nashville on **September 10, 2012, at 1:30 p.m.** Judge Sharp will issue a separate order specifying his requirements for the final pretrial conference and the trial at a later date.

It is so **ORDERED**.

/s/ Joe B. Brown
JOE B. BROWN
United States Magistrate Judge